# In the United States Court of Federal Claims

No. 09-635T

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: June 7, 2011)

_____

|  |  |
|---|---|
| NORMAN J. McCONNELL and PAULA A. McCONNELL, | * * * * |
| Plaintiffs, | * * |
| v. | * * |
| THE UNITED STATES, | * * * |
| Defendant. | * * |

_____

**OPINION**

_____

This tax refund suit is before the court on defendant's motion to dismiss for lack of jurisdiction under RCFC 12(b)(1), and for judgment on the pleadings under RCFC 12(c). For the reasons that follow, the court **GRANTS** defendant's motion.

**I.    BACKGROUND**

Only a few facts are needed to provide the necessary context for this motion.[1]

Plaintiffs, Norman J. McConnell and Paula A. McConnell, invested in a limited partnership known as the Contra Costa Jojoba Research Partnership (CCJRP). CCJRP putatively was formed to grow jojoba beans for commercial use. On their individual tax returns for their 1983 and 1984 taxable years, plaintiffs claimed their allocable portion of an ordinary loss deduction claimed by CCJRP. On April 12, 1989, after auditing CCJRP, the Internal Revenue

---

[1] These facts are largely drawn from plaintiffs' complaint, and, for purposes of this motion, are assumed to be correct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Service (IRS) issued a notice of Final Partnership Administrative Adjustment (FPAA) to the partnership for its 1983, 1984, and 1985 taxable years.

On July 13, 1989, the CCJRP's Tax Matters Partner (TMP)[2] filed a petition in the United States Tax Court (the Tax Court) on behalf of the partnership challenging the FPAA. *See Contra Costa Jojoba Research Partners, Charles B. Topefer, Tax Matters Partner v. Comm'r of Internal Revenue*, No. 17323-89 (hereinafter "*Contra Costa*"). On January 28, 1994, the parties in *Contra Costa* filed a stipulation agreeing to be bound by the outcome of a related case, *Utah Jojoba I Research v. Comm'r of Internal Revenue*, No. 7619-90 (hereinafter "*Utah Jojoba*"). *See McConnell v. Comm'r of Internal Revenue*, 96 T.C.M. (CCH) 10, 11 (2008). On January 5, 1998, the Tax Court held that the partnership was not entitled to deduct its losses because, *inter alia*, the partnership had "no realistic prospect of entering into a trade or business," and the research and development agreement around which the partnership was formed "was designed and entered into solely to provide a mechanism to disguise the capital contributions of limited partners as currently deductable expenditures." *Utah Jojoba*, 75 T.C.M. (CCH) 1524, 1537 (1998). On April 11, 2005, the Tax Court, in *Contra Costa*, entered a decision against CCJRP upholding the partnership item adjustments set forth in the FPAA for the 1983, 1984, and 1985 tax years. That decision was not appealed.

On April 10, 2006, the IRS issued to plaintiffs a notice of deficiency and additions to tax, relating to their investments in the partnership during their 1983 and 1984 taxable years. Plaintiffs timely filed a petition in the Tax Court challenging the 1983 deficiency. As in the current suit, they argued that, under sections 6226 and 6501 of the Code, the IRS was precluded from adjusting the income and losses on plaintiffs' tax return as it had issued the FPAA more than three years after the date on which the partnership return was due. As in the current suit, they also contended that they should not be subject to penalties under former sections 6653(a)(1) and (2) of the Code because they had relied upon their tax return preparer. The Tax Court rejected all these arguments. *See McConnell*, 96 T.C.M. (CCH) at 12-15.

In 2006 and 2007, the IRS assessed taxes, penalties and interest against plaintiffs for their 1984 taxable year. Plaintiffs paid these taxes, totaling $22,180, and, on March 13, 2008, filed a timely amended return seeking a refund of this amount. That claim was not allowed. On September 28, 2009, plaintiffs filed a complaint in this court seeking a refund in the amount of $22,180; they filed an amended complaint on January 21, 2010. On February 8, 2010, defendant filed its answer to plaintiffs' amended complaint. On May 7, 2010, defendant filed a motion to dismiss under RCFC 12(b)(1) and a motion for judgment on the pleadings under RCFC 12(c), which following briefing, is now ready for decision.

---

[2] The TMP is the partner designated to act as a liaison between the partnership and the IRS in administrative proceedings, and as a representative of the partnership in judicial proceedings. *See* 26 U.S.C. §§ 6224(c)(3)(A), 6231(a)(7); *see also Prestop Holdings, LLC v. United States*, 96 Fed. Cl. 244, 245 n.5 (2010).

## II.   DISCUSSION

Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997); *see also Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff must establish that the court has subject matter jurisdiction over its claims. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Klamath Tribe Claims Comm. v. United States*, 97 Fed. Cl. 203, 208 (2011). The court may look beyond the pleadings and "inquire into jurisdictional facts" to determine whether jurisdiction exists. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991). RCFC 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." But, this provision "does not apply to a motion under Rule 12(b)(1) to dismiss for lack of jurisdiction over the subject matter," under which the court undoubtedly may "address matters outside the pleadings." *Reed Island–MLC, Inc. v. United States*, 67 Fed. Cl. 27, 32 (2005) (citing *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1383 (Fed. Cir. 2002)); *see also Petro–Hunt, L.L.C. v. United States*, 90 Fed. Cl. 51, 58 (2009).

The other rule upon which defendant's motion is based, RCFC 12(c), provides "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion for judgment on the pleadings may be granted when "there are no material facts in dispute and the [moving] party is entitled to judgment as a matter of law." *Forest Labs., Inc. v. United States*, 476 F.3d 877, 881 (Fed. Cir. 2007) (citation omitted); *Zhang v. United States*, 89 Fed. Cl. 263, 267 (2009). "[A] motion for judgment on the pleadings should be granted only where it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of his claim." *Owen v. United States*, 851 F.2d 1404, 1407 (Fed. Cir. 1988) (internal citation and quotation omitted); *see also Chang v. United States*, 859 F.2d 893, 894 (Fed. Cir. 1988) (same).

Plaintiffs raise arguments here as to their 1984 taxable year that mirror those they presented to the Tax Court for their 1983 taxable year. First, they argue that they are entitled to deduct losses in 1984 resulting from their investment in CCJRP. Second, they assert that the statute of limitations set by section 6229(a) of the Code expired before the IRS issued the FPAA to CCJRP, thereby preventing the IRS from adjusting plaintiffs' reported income or losses on their 1984 income tax return. Finally, plaintiffs contend that they are not liable for additions to tax under former sections 6653(a)(1) and (2) of the Code, *see* 26 U.S.C. § 6653(a) (1984), because they relied upon a "competent tax advisor" in making their investments in CCJRP. But, there are a host of problems with these claims.

### A.

To begin with, it is well-established that, under section 7422(h) of the Code, this court lacks jurisdiction to hear partner-level refund claims where the refund is "attributable to partnership items." 26 U.SC. § 7422(h). There is little doubt that plaintiffs' claims regarding the

deductibility of the losses in question are "partnership items." For these losses to be deductible, plaintiffs must show that the partnership transactions in which they participated were not shams, devoid of economic substance. This court, however, lacks jurisdiction to examine this partnership-level issue. *See Schell v. United States*, 589 F.3d 1378, 1382-84 (Fed. Cir. 2009), *cert. denied*, 131 S. Ct. 346 (2010); *Keener v. United States*, 551 F.3d 1358, 1365 (Fed. Cir. 2009), *cert. denied*, 130 S. Ct. 153 (2009). In addition, this court and the Federal Circuit have repeatedly held that questions involving the statute of limitations in section 6229(a) of the Code are also "attributable to partnership items" within the meaning of section 7422(h), and thus cannot be litigated in a partner-level refund suit before this court. *See Prati v. United States*, 603 F.3d 1301, 1307 (Fed. Cir. 2010), *cert. denied*, 131 S. Ct. 940 (2011); *Keener*, 551 F.3d at 1365, *aff'g*, 76 Fed. Cl. 455, 462-63 (2007). Plaintiffs offer no real basis for distinguishing any of these cases and for good reason – as there is none.

Defendant appears to argue that this court also lacks jurisdiction under section 7422(h) to consider plaintiffs' claims that they are not subject to additions to tax under former sections 6653(a)(1) and (2) of the Code for negligence.[3] Plaintiffs seek relief from these additions to tax based on their reliance on the opinion of a tax advisor. *See Zfass v. Comm'r of Internal Revenue*, 118 F.3d 184, 188 (4th Cir. 1997) (recognizing this defense); *Healey v. Comm'r of Internal Revenue*, 902 F.2d 380, 383 (5th Cir. 1990) (same); *see also United States v. Boyle*, 469 U.S. 241, 251 (1985) (discussing this defense as applied to the failure to file penalty under 26 U.S.C. § 6651(a)(1)). This "reasonable reliance" defense, such as it is, is not "attributable to partnership items" within the meaning of section 7422(h), but rather appears to constitute what has been termed the "nonpartnership prong" of an "affected item." *See* 26 U.S.C. §§ 6221, 6231(a)(5); Treas. Reg. § 301.6231(a)(5)-1(e); *see also Keener*, 76 Fed. Cl. at 46-61 (2007) (describing the partnership and nonpartnership prongs of affected items); *Dublin v. Comm'r of Internal Revenue*, 99 T.C. 325, 328 (1992); *Maxwell v. Comm'r of Internal Revenue*, 87 T.C. 783, 787-88 (1986).[4]

---

[3]  For the taxable years in question, section 6653(a)(1) imposed an addition to tax equal to five percent of the underpayment if any part thereof was attributable to negligence. Section 6653(a)(2) imposed a further addition to tax equal to fifty percent of the interest payable on the portion of the underpayment attributable to negligence. Subsequent to the years in question, these provisions were first amended, *see* the Tax Reform Act of 1986, Pub. L. No. 99-514, 100 Stat. 2085, 2742, and then repealed and replaced with other provisions, including 26 U.S.C. § 6662, *see* Omnibus Budget Reconciliation Act of 1989, Pub. L. No. 101-239, 103 Stat. 2106, 2395. *See also Greer v. Comm'r of Internal Revenue*, 557 F.3d 688, 689n.1 (6th Cir. 2009).

[4]  This court, in *Keener*, explained that because the tax treatment of an "affected item" usually depends upon the partnership-level determination, "affected items generally cannot be tried as part of a partner's tax case prior to the completion of the partnership-level proceeding." *Keener*, 76 Fed. Cl. at 460-66 (citing *GAF Corp. & Subs. v. Comm'r of Internal Revenue*, 114 T.C. 519, 528 (2000)); s*ee also Katz v. Comm'r of Internal Revenue*, 335 F.3d 1121, 1124 (10th Cir. 2003); *Prati*, 81 Fed. Cl. at 432. Once the latter proceeding is complete, the result reached therein is applied at the individual partner level "to the extent that it impacts what otherwise is a nonpartnership item . . . ." *Keener*, 76 Fed. Cl. at 460; *see also Prati*, 81 Fed. Cl. at 433.

Issues like this may be resolved in a partner-level refund suit in this court after the "partnership prong" of the affected item is resolved in a partnership-level proceeding.  *See Keener*, 76 Fed. Cl. at 460-61; *Prati*, 81 Fed. Cl. 422, 432-33 (2008), *aff'd*, 603 F.3d 1301 (Fed. Cir. 2010), *cert. denied*, 131 S. Ct. 940 (2011); *LeBlanc v. United States*, 90 Fed. Cl. 186, 195 (2009), *rev'd on other grounds*, 410 Fed. Appx. 323 (Fed. Cir. 2011).  Such is the case here.  Indeed, it is difficult to imagine how issues regarding a particular partner's reliance on a tax professional could be resolved in other than a partner-level proceeding.

**B.**

Plaintiffs are, nevertheless, foreclosed from contesting these additions to tax before this court by doctrine of collateral estoppel.  "Under collateral estoppel," the Supreme Court has instructed, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Montana v. United States*, 440 U.S. 147, 153 (1979).  The Federal Circuit has distilled this definition into a four-part test, under which a party invoking collateral estoppel (in this case, defendant) must show that:

> (1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) the party against whom estoppel is invoked had a full and fair opportunity to litigate the issue in the first action.

*Innovad Inc. v. Microsoft Corp.*, 260 F.3d 1326, 1334 (Fed. Cir. 2001); *see Ammex, Inc. v. United States*, 384 F.3d 1368, 1371 (Fed. Cir. 2004), *cert. denied*, 544 U.S. 948 (2005) (same); *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1365-66 (Fed. Cir. 2000), *cert. denied*, 544 U.S. 948 (2005) (same).  As the Supreme Court and other courts have often recognized, collateral estoppel "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication."  *Allen*, 449 U.S. at 94; *see also Hicks v. United States*, 89 Fed. Cl. 243, 254-55 (2009).

Here, all the prerequisites for applying collateral estoppel are satisfied.  Whether plaintiffs reasonably relied upon a tax advisor was litigated in the prior Tax Court action and the resolution of that issue was essential to the decision rendered therein.  *See McConnell*, 96 T.C.M. (CCH) at 13 ("[A]lthough reasonable reliance on professional advice may serve as a defense to the additions to tax for negligence, petitioners have not demonstrated that they acted with due care with respect to their investment in CCJRP and subsequent deduction claimed in 1983 for a loss relating to that investment." (citation omitted)).  Plaintiffs had a full and fair opportunity to litigate this issue before the Tax Court, but were unsuccessful.  To be sure, as plaintiffs note, the doctrine of collateral estoppel has sometimes been narrowly applied in tax cases, particularly where different tax years are involved.  Yet, the Supreme Court has held that the doctrine remains applicable "where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain

unchanged." *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 598 (1948); *see also Ammex*, 384 F.3d at 1371; *Furst v. United States*, 678 F.2d 147, 154 (Ct. Cl. 1979). And this appears fully to be the case here. Plaintiffs make no convincing arguments to the contrary and, indeed, their complaint reveals that the "advice" plaintiffs rely upon here is the same "advice" that was rejected by the Tax Court. *See McConnell*, 96 T.C.M. (CCH) at 13-14. Accordingly, under the collateral estoppel doctrine, plaintiffs are precluded from relitigating the same issue anew before this court. This portion of plaintiffs' amended complaint, therefore, is dismissed under RCFC 12(c).

### III. CONCLUSION

Based on the foregoing, defendant's motion is **GRANTED**. The Clerk shall dismiss the amended complaint.

**IT IS SO ORDERED**.

                                          s/ Francis M. Allegra
                                          Francis M. Allegra
                                          Judge